By the petition for certiorari the petitioner, who was a defendant in the bill in equity, seeks to have this Court quash an order of the Chancellor (1) striking a portion of paragraph VIII of his answer and (2) also that portion of an order whereby the Chancellor transferred petitioner's cross-bill to the law side of the court.
The relationship between the petitioner and the respondent was that of lessor and lessee and, pursuant to the lease, the respondent-lessor assigned his liquor license to the petitioner-lessee.
Thereafter the lessor, claiming a violation of the terms of the lease, entered and took possession; whereupon he brought a bill seeking to have the court decree that the lessee held the liquor license in trust for the respondent-plaintiff-lessor.
The respondent's bill, by paragraph VIII, alleges:
"That neither the said Clifford T. Hull nor any person or persons in his behalf has paid to plaintiff and his said wife the installment of the last year's rent due under the terms of said lease within two (2) years from the 30th day of April, A.D., 1946, and that neither the said Clifford T. Hull nor any person or persons in his behalf has paid to plaintiff and his said wife the installment of rent due on the 1st day of May, A.D., 1946. That both of said sums are more than fifteen (15) days in default and that by reason of such non-payment the said Clifford T. Hull has breached the terms of the lease mentioned and described in paragraph numbered "3" of this Bill of Complaint."
The Chancellor struck the following language from paragraph VIII of defendant's answer:
"Further answering paragraph VIII, defendant alleges and says that for some time prior to the 1st day of May, A.D., 1948, the plaintiff sought some method whereby the existing leasehold agreement between plaintiff and defendant might be broken or terminated and plaintiff did plan to eject the defendant herein as soon as possible in order that he, the plaintiff Charley Toppino, and his sons, might reenter and operate the said leasehold premises for their own use and benefit. On the 30th day of April, A.D., 1948, plaintiff wrongfully sued out a Writ of Attachment which attachment was *Page 138 
levied on goods and chattels of defendant on said 30th day of April when no debt was due and owing to the plaintiff by the defendant. The goods and chattels of defendant levied upon were stock in trade and operating equipment used by defendant in conducting the business leased to him by the plaintiffs under the leasehold agreement as set forth in haec verba in the Bill of Complaint. At the time of said levy, defendant was not in arrears in any rental payment under said lease nor had he violated any promise or covenant thereunder, but because of said levy defendant was unable to use the business and premises leased to him in said leasehold agreement. Although the aforesaid Writ of Attachment was quashed by an Order of the Circuit Court on June 1, 1948, due to an irregularity or irregularities on its face, the property levied upon was not surrendered to defendant and is now being held by plaintiff wrongfully. At about 12:10 A.M. on the 1st day of May, A.D., 1948, plaintiff forcibly ejected defendant from the premises leased to him under the lease herein set out which said ejection was wrongful, malicious and without merit of any kind. Defendant further alleges and says that plaintiff by his conduct, as hereinbefore set forth, did on the 30th day of April, A.D. 1948, breach the terms of the aforesaid lease, maliciously attaching on the leasehold premises, goods, wares, merchandise and operating equipment of and belonging to the defendant thereby violating the right of the defendant to quietly enjoy the premises. The plaintiff breached his leasehold agreement with the defendant by forcibly ejecting defendant from the leasehold premises at 12:10 A.M. on the 1st day of May, A.D. 1948."
It appears to have been error for the Chancellor to strike the quoted portion of said answer.
The petitioner by his cross-bill alleged that the plaintiff-cross-defendant, at a time when no debt was due the plaintiff, wrongfully sued out a writ of attachment under which the cross-plaintiff's liquor stock was seized and whereupon the plaintiff-cross-defendant took possession of the premises then occupied by the cross-plaintiff as lessee; that the cross-plaintiff lessee had paid an advance rental of $5000 shortly before the premises were taken from him by the lessor and that in equity it should be returned; that by the premises the cross-plaintiff has suffered damages in loss of profits in excess of $80,000; to his credit and expenses of legal services in the amount of $2500; loss of liquor stock in the amount of $1,282.81; other stock in trade and operating equipment of $2640; and other damages in the amount of $872, etc.
The cross-bill among other things, prayed:
"3. That having taken jurisdiction of this cause the Court will award damages upon final hearing, to the cross-plaintiff in the amount of One Hundred Seven Thousand and One Hundred and Thirty-Four Dollars and 81/100 ($107,134.81).
"4. That in the alternative that any part or portion of this Cross-Bill of Complaint, which may be deemed and considered by the Court to be unrelated to the subject matter of the original suit herein, that the same part or portion and each and all of said parts or portions be severed from this cause without prejudice against the cross-plaintiff from filing an independent suit at law for the same."
Notwithstanding that the cross-bill may contain matter which may be stricken, it does contain matters which relate to the subject matter of plaintiff's bill, to-wit, the contractual rights of the parties under the lease, the present status and the matters and things relating to the termination of the relationship of lessor and lessee.
It appears that the Chancellor erred in transferring cross-bill to the law side of the court. It contained equities germane to the plaintiff's bill and from the pleadings it appears that the maxims, "he who seeks equity must do equity" and "The court of equity ought to do justice completely, and not by halves," may have application. *Page 139